**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

WILLIAM H. JOHNSON,
  *Defendant-Appellant.*

No. 03-4662

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-03-33)

Argued: February 24, 2004

Decided: April 7, 2004

Before WILKINS, Chief Judge, and WIDENER and
SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Jonathan David Byrne, Office of the Federal Public
Defender, Charleston, West Virginia, for Appellant. Stephanie Lou
Haines, Assistant United States Attorney, Huntington, West Virginia,
for Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public
Defender, David R. Bungard, Assistant Federal Public Defender,
Charleston, West Virginia, for Appellant. Kasey Warner, United
States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William H. Johnson pled guilty to one count of possession with intent to distribute crack cocaine and was sentenced to a term of 151 months of imprisonment followed by a term of three years of supervised release. On appeal, Johnson raises the single issue of whether the district court erred in computing his criminal history score. For the reason set forth below, we vacate Johnson's sentence and remand for resentencing.

The district court assigned Johnson two criminal history points for two prior sentences he had received for separate convictions for fleeing from a law enforcement officer. Both of those sentences were imposed under West Virginia Code Ann. § 61-5-17(d), which makes non-vehicular flight from a law enforcement officer for the purpose of avoiding a lawful arrest a misdemeanor.[1] For the first fleeing conviction, which involved his flight from law enforcement officers as they attempted to arrest him for firing a weapon, Johnson was fined $50. For the second fleeing conviction, which involved his flight from law enforcement officers as they attempted to arrest him for trespassing, Johnson was sentenced to four days in jail.

"The Guidelines create a general presumption that all prior sentences within the applicable time period will be included in calculating a defendant's criminal history category." *United States v. Harris*, 128 F.3d 850, 853 (4th Cir. 1997). However, U.S.S.G. § 4A1.2(c)(1) creates a narrow exception for certain prior misdemeanor and petty offense sentences which meet the following three conditions: (1) the prior sentence must be listed in § 4A1.2(c)(1) or be similar to a listed

---

[1]Under different circumstances, the offense of fleeing from a law enforcement officer is a felony. *See* §§ 61-5-17(g)–(i). For purposes of this opinion, we refer only to misdemeanor fleeing under § 61-5-17(d).

offense; (2) the prior sentence must have been for a term of less than one year of probation or 30 days of imprisonment; and (3) the prior sentence must not be similar to the instant offense (*i.e.*, the offense for which the defendant is then being sentenced). If a prior sentence meets these three conditions, it is excluded from the criminal history calculation.

Johnson contends that his sentences for the fleeing offenses should have been excluded under § 4A1.2(c)(1). The offense of fleeing is dissimilar to distribution of crack cocaine (the instant offense), and Johnson's sentences for fleeing are below the terms specified in § 4A1.2(c)(1). Although fleeing is not a listed offense under § 4A1.2(c)(1), Johnson argues that fleeing is "similar" to the listed offense of hindering or failing to obey a police officer.[2] If Johnson is correct, then the district court erred in counting the fleeing sentences in his criminal history. This is a legal issue, and we therefore review the district court's determination de novo. *See United States v. Caplinger*, 339 F.3d 226, 233 (4th Cir. 2003).

In *Harris*, we recognized that the Guidelines do not define "similar" for purposes of § 4A1.2(c)(1), and we adopted a "similar elements" test to determine whether two offenses are "similar." 128 F.3d at 854. We stated that "when two offenses are similar, their essential elements are 'nearly corresponding' or 'resembling in many respects.'" *Id*. Under that test, we held that a prior sentence for the offense of selling alcohol to a minor was properly counted in computing the defendant's criminal history because the offense is not listed in § 4A1.2(c)(1) and, more pertinent, the offense does not "share common elements with any of the listed offenses." 128 F.3d at 855. We noted that the elements of the offense of selling alcohol to minors (under the applicable state law) are (1) selling (2) an alcoholic beverage (3) to a person under the age of 21, and that "[n]one of the listed offenses in § 4A1.2(c) have elements resembling this combination; none involve selling alcohol; none involve transactions with minors." 128 F.3d at 855.

---

[2]Johnson does not argue, as he did below, that fleeing is also similar to the listed offense of resisting arrest.

The parties agree that under the circumstances of this case we should look to West Virginia law to define the elements of the offenses of fleeing and hindering. These offenses are codified in separate subsections of West Virginia Code Ann. § 61-5-17 ("Crimes Against Public Justice").[3] The elements of the offense of hindering are: (1) a person by threats, menaces, acts, or otherwise (2) forcibly or illegally hinders or obstructs (3) any law enforcement officer acting in his or her official capacity. The elements of the offense of fleeing are: (1) a person intentionally flees by means other than a vehicle (2) from a law enforcement officer acting in his or her official capacity who is attempting to make a lawful arrest (3) with knowledge (or reason to know) that the law enforcement officer is attempting to arrest him or her.

Johnson contends that a comparison of these elements demonstrates their similarity, and he points to *State v. Jarvis*, 310 S.E.2d 467, 468 (1983), where the Supreme Court of Appeals of West Virginia held: "Any person, upon being advised by a police officer that he is being arrested pursuant to a warrant, who flees in an automobile or otherwise and thereby avoids immediate arrest, is guilty of illegally hindering an officer of this state in the lawful exercise of his official duty, in violation of W. Va. Code, 61-5-17." The United States counters that fleeing and hindering are not "similar" for two reasons. First, the United States asserts that "the element requiring intentional flight by a defendant to be guilty of fleeing is quintessential to the offense. However, this element has no similar counterpart in the offense of hindering an officer. Therefore, this requirement distinguishes the two offenses and establishes their uniqueness." *Brief of Appellee*, at 9. Second, the United States asserts that "the separate treatment given to the offense of fleeing and the offense of hindering an officer, evi-

---

[3]Section 61-5-17(a) defines hindering: "Any person who by threats, menaces, acts or otherwise, forcibly or illegally hinders or obstructs . . . any law-enforcement officer . . . acting in his or her official capacity is guilty of a misdemeanor. . . ." Section 61-5-17(d) defines fleeing: "Any person who intentionally flees . . . by any means other than the use of a vehicle from any law-enforcement officer . . . acting in his or her official capacity who is attempting to make a lawful arrest of the person, and who knows or reasonably believes that the officer is attempting to arrest him or her, is guilty of a misdemeanor. . . ."

denced by their placement in two distinct subsections of the applicable statute, suggests that under West Virginia law, these two offenses are not similar." *Id*. at 9 10.[4]

While the differences between the essential elements of these offenses are readily apparent, utilizing the *Harris* analysis we need not determine whether those elements are identical; instead, our inquiry is whether those elements are "nearly corresponding" or "resembling in many respects." 128 F.3d at 854. We conclude that for purposes of § 4A1.2(c)(1) the essential elements sufficiently resemble each other so as to make Johnson's fleeing convictions excludable. Both offenses are "crimes against public justice," and they share the essential elements of action directed toward, or in response to, a law enforcement officer acting in his or her official capacity that is designed to thwart the officer from performing a law enforcement duty. The similarity of these two offenses is best illustrated by the holding in *Jarvis* that specifically equates the conduct of fleeing with hindering under West Virginia law.

Because of our conclusion, Johnson should not have received criminal history points for his fleeing sentences. We therefore vacate the judgment and remand for the district court to resentence Johnson in accordance with this opinion.

*VACATED AND REMANDED*

---

[4]At the time *Jarvis* was decided, § 61-5-17 did not specifically criminalize fleeing. Since *Jarvis*, the statute has been amended several times, and the fleeing subsection was added during one of these amendments. We see no indication that the fleeing amendment was designed to abrogate the holding in *Jarvis*.